## JOHNSON v. WASHINGTON NAT. INS. CO.

### No. 10040.

Court of Civil Appeals of Texas. Galveston.
Dec. 5, 1934.

Rehearing Denied Jan. 3, 1935.

Edgar H. Phelps and Albert Stein, both of Houston, for appellant.

Gill, Jones & Tyler, of Houston, for appellee.

GRAVES, Justice.

In this suit appellant as plaintiff sought recovery against the appellee as defendant for a total of $900, inclusive of interest, penalty, and attorney's fees, upon a sick and accident disability policy of insurance issued by it in his favor; the cause was submitted to a jury upon three special issues (neither party having objected thereto nor requested others), inquiring, (1) what amount of monthly indemnity had been agreed to be paid under the policy in event any should be suffered, (2) whether or not an agent of the insurance company had called upon the plaintiff at the hospital about the month of May of 1932, and (3) what was a reasonable attorney's fee under the statute for the plaintiff in the case; the answers of the jury being, to the first inquiry, "80.00 per month"; to the second, "He did"; to the third, "$200.00."

On the return of this verdict, both parties made motions for judgment in their own favor, the plaintiff asking a recovery on the verdict, the defendant one notwithstanding; the trial court granted the defendant's motion, entered judgment accordingly in its favor, and thereafter, in support of its action, filed findings of fact and conclusions of law, wherein it was recited that the policy was in force at the inception of the disability, that the rate of indemnity had been fixed at $80 per month, that $200 was a reasonable attorney's fee, that the policy provided for monthly reports to it on the condition of the insured, or as near that as might reasonably be during the period of disability, and also for furnishing of proofs of loss to the company within 90 days after the termination of the period for which it was liable, neither of which latter provisions had been complied with; the appended conclusions of law being these:

"The Court concludes as a matter of law that there is no liability under the policy to the plaintiff because of the failure upon the part of plaintiff to comply with the provisions of the policy, made conditions precedent to plaintiff's right to recover that he furnish a statement from his attending physician or surgeon every thirty (30) days as set out in the foregoing provisions of the policy, and, furthermore, because plaintiff failed to file within the time prescribed by the policy final proof of loss for the indemnity claimed, and furthermore, because plaintiff failed to prove by any competent evidence that the Company had waived the foregoing provisions of the policy."

In attacking here the independent findings thus additionally made by the trial court, the able counsel for appellant contends, in part, that the evidence conclusively established a waiver by the appellee of both the provisions in the policy so made the basis of the judgment below, and that in consequence he is entitled to a rendition of the cause on the appeal in his favor; while this court is unable to go that far, it has concluded that issues of fact over whether such waivers took place were raised, wherefore the adverse judgment cannot be permitted to stand.

In the first place, no attack has been made upon the second finding of the jury, which is reiterated by the court itself, to the effect that an agent of the appellee had called upon the plaintiff at the hospital on or about the month of May of 1932, hence that finding must be regarded here as the established fact; that being so, when the record is looked to for an explanation as to what that call was about, the testimony of the plaintiff is uncontradicted that that early in his indisposition—he having been injured on the 16th of March preceding—the agent of the company referred to had so called upon him and made him an offer from the company of $25 as a compromise settlement of his claim against it for the injuries sued for, with the unequivocal declaration therewith that, if he did not accept that, the company would not give him a cent; that he rejected such offer, telling the agent in reply: "I told him no, I didn't have anything to compromise for."

It is undisputed that the company did receive the final proof of loss, albeit after the 90 days had expired, and to say nothing of plaintiff's further testimony in connection with the compromise offer, which came during the early part of the period for which he claimed the indemnity, there is in the record a letter direct to him from the company itself of about the same time—that is, May 5, 1932—which by fairly plain implication tends to support his testimony that an accredited representative of the company had made him the rejected offer of compromise, coupled with the declaration denying all liability to him; if the facts are finally so found to exist, this alone constituted a waiver of compliance with the provisions referred to. Couch on Insurance, vol. 7, §§ 1578 and 1583, and cited authorities.

In the second place, the plaintiff's testimony was unshaken to the effect that he furnished to the company within the required time the first of the 30-day reports from his attending physician called for in the other provision of the policy sued upon; in connection with that, and tending to support it, there appears in the record the series of letters from appellee's officers beginning as early as April 20th after the injury on March 16th, wherein receipt of his notice of disability was acknowledged and proof and claim blanks sent to him by the appellee, presumably as provided in the contract; the compromise negotiations referred to having quickly followed this action, it is not a far-fetched inference to conclude that further compliance with the requirement for additional monthly reports of his condition was likewise waived; at any rate, it does further undisputedly appear that the final proof of loss referred to reached the appellee on October 3 of 1932, and was thereafter held by it without objection to or complaint against its not having been received within the 90 days until December 3, 1932, when for the first time the company in a letter to appellant's attorney notified him that it had not been furnished within the time provided by the policy and therefore could not be accepted. This unexplained holding of the proof of loss—in the circumstances otherwise shown—without objection to it or notification to the appellant of any protest because of its late receipt, while at the same time continuing to treat with him or his attorney concerning his claim, becomes itself a circumstance tending to support the contention that the appellee had made the waivers referred to.

The judgment has been reversed, and the cause remanded for another trial.

Reversed and remanded.